1   MICHAEL J. IOANNOU (SBN 95208)
    mioannou@rmkb.com
2   LITA M. VERRIER (SBN 181183)
    lverrier@rmkb.com
3   LAEL D. ANDARA (SBN 215416)
    landara@rmkb.com
4   ROPERS, MAJESKI, KOHN & BENTLEY
    50 W. San Fernando St., #1400
5   San Jose, CA  95113
    Telephone:  (408) 287-6262
6   Facsimile:  (408) 918-4501

7   Attorneys for Plaintiff
    MAXIM INTEGRATED PRODUCTS, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12
    MAXIM INTEGRATED PRODUCTS,         CASE NO. C10 00144 CRB
13  INC., a Delaware Corporation

14                Plaintiff,           **COMPLAINT FOR WILLFUL FEDERAL
                                       TRADEMARK INFRINGEMENT [15
15  v.                                 U.S.C. § 1114 et seq.], WILLFUL FALSE
                                       DESIGNATION OF ORIGIN [15 U.S.C. §
16  DIDAR ISLAM aka MOHAMMED           1125 et seq.], WILLFUL COPYRIGHT
    DIDARUL ISLAM, an individual,      INFRINGEMENT [17 U.S.C. § 501 et seq.],
17  POWER IC LTD., an Indian company, HIP  CALIFORNIA UNFAIR COMPETITION
    TECHNOLOGIES, INC., a California   [Cal. Bus. & Prof. Code, § 17200 et seq.],
18  corporation aka HIP SEMICONDUCTOR, CALIFORNIA DILUTION [Cal. Bus. &
                                       Prof. Code, § 14330 et seq.], CALIFORNIA
19                Defendants.          FALSE ADVERTISING [Cal. Bus. & Prof.
                                       Code, § 17500 et seq.], CONSTRUCTIVE
20                                     TRUST, AND ACCOUNTING**

21                                     **DEMAND FOR JURY TRIAL**

22

23

24        Plaintiff, MAXIM INTEGRATED PRODUCTS, INC. ("Maxim"), alleges as follows:

25                          **INTRODUCTION**

26        1.    This is an action to redress violations of the federal trademark laws (15 U.S.C.

27  § 1114 et seq., and § 1125 et seq.), federal copyright laws (17 U.S.C. § 501 et seq.), related

28  California claims and obtain a Constructive Trust and Accounting, as the result of Defendants'

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

ywillful and unauthorized use of Maxim's product names, trademarks and designs, and

copyrights, as more fully set forth hereinafter.  Maxim seeks injunctive relief restraining

Defendants' infringement of Maxim's names, trademarks and designs, and copyrights, as well as

damages that are the direct and proximate result of the infringement.  In addition to damages and

both preliminary and permanent injunctive relief, Maxim seeks an accounting, the imposition of a

constructive trust upon Defendants' illegal profits, and other relief.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction under 15 U.S.C. section 1121 and 28

U.S.C. section 1338(a), in that this case arises under the trademark laws of the United States, 15

U.S.C. section 1051 *et seq*.  Specifically, this is an action for federal trademark infringement

arising under section 32 of the Lanham Act, 15 U.S.C. section 1114; unfair competition because

of false advertising under section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a), and for

related claims of common law trademark infringement and California unfair competition, false

advertising, and dilution.  Further, this Court has jurisdiction pursuant to 17 U.S.C. section 501

for copyright infringement.  The Court has jurisdiction over the subject matter of the related

claims pursuant to U.S.C. section 1338(b) because those claims are joined with substantial and

related claims brought under the Trademark Act and this Court's pendent jurisdiction.

3.      This Court has personal jurisdiction over Defendants, and venue is proper in this

Judicial District pursuant to 28 U.S.C. section 1391(b) because, inter alia, (a) Defendants Didar

Islam ("Islam"), Power IC, Ltd. ("Power IC"), and HIP Technologies, Inc. a/k/a HIP

Semiconductor ("HIP"), and/or their agents, are doing business in this District; and (b) a

substantial portion of the events giving rise to this lawsuit, as well as substantial injury to Maxim,

have occurred or will occur in interstate commerce, in the State of California, and in the Northern

District of California as a result of Defendants' violations of the asserted copyrights and

trademarks as alleged in detail below.  Defendants have purposefully availed themselves of the

opportunity to conduct commercial activities in this forum.

4.      Venue is proper in this District pursuant to 28 U.S.C. section 1400(a) in that

Defendants conduct substantial commercial activities in this District, and pursuant to 28 U.S.C.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1   section 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims

2   occurred, and the tortious acts occurred in this District.

3                                **INTRA-DISTRICT ASSIGNMENT**

4        5.      Venue is proper in the San Jose Division pursuant to Civil Local Rule 3-2(e)

5   because this is an Intellectual Property Action and Santa Clara County is where a substantial part

6   of the events which give rise to the claims at issue have occurred and will continue to occur.

7                                        **PARTIES**

8        6.      Maxim is a Delaware corporation authorized to transact business in various

9   jurisdictions, including the State of California.  Maxim is a worldwide leader in design,

10  development, and manufacture of linear and mixed-signal integrated circuits (ICs) and is

11  headquartered in Sunnyvale, California.  Maxim also develops, advertises, and sells related

12  products such as its MAX™ labeled products.  Those at issue herein include:

13       a.      Maxim's products known, advertised, and sold as MAX803; MAX809;

14               MAX810, MAX811, MAX812, MAX705; MAX706; MAX707; MAX708,

15               MAX813L MAX706P; MAX706R; MAX706S; MAX706T; MAX706AP;

16               MAX706AR; MAX706AS; MAX706AT; MAX708R; MAX708S; and MAX708T

17               which are microprocessor supervisory circuits with different functionalities and

18               technological advantages;

19       b.      Maxim's products known, advertised, and sold as MAX6375; MAX6376;

20               MAX6377; MAX6378; MAX6379; MAX6380 MAX6854; MAX6855;

21               MAX6856; MAX6856; MAX6858; MAX6860; MAX6861; MAX6862;

22               MAX6863; MAX6864; MAX6865; MAX6866; MAX6867; MAX6868; and

23               MAX6869, which are ultra-low-power circuits used in various and numerous

24               electronic products.

25  Each of said MAX™ products (or group of products) has a copyrighted Maxim data sheet that

26  explains or illustrates the features, functions, electrical characteristics, typical application circuit,

27  performance and operating characteristics or descriptions, pin configuration and description,

28  block diagram, and applications of each product.  In total, there are six copyright registrations

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   with the following Registration Numbers:  TX-023-015, TX7-023-018, TX7-023-328, TX7-024-

2   509, TX7-024-514, and TX7-024-525.

3       7.      Maxim is also the registered owner of its Maxim® trademark and has common law

4   trademark rights for its MAX™ (Plus number suffix) parts related to the above-referenced Maxim

5   products.

6       8.      Maxim is informed and believes, and upon that basis alleges, at all relevant times

7   to the allegations herein, Defendant Didar Islam ("Islam"), also known as Mohammed Didarul

8   Islam, legally changed his name on July 9, 2003, became a naturalized United States citizen on

9   April 27, 2007, and currently resides in Florida, but maintains an office and/or residence in

10  Milpitas, California, Santa Clara County.  Defendant Islam was a Maxim employee from April

11  2000 to December 2003, during which time Islam had access to business and technical

12  information relating to the design of certain integrated circuits or microprocessors, including

13  those described in Paragraph 6.

14      9.      Maxim is informed and believes, and upon that basis alleges, that Defendant Islam,

15  upon leaving Maxim's employment, formed Defendant POWER IC LTD ("Power IC"), an Indian

16  company, on or about March 2004, to directly compete with Maxim and copy, imitate or

17  otherwise exploit Maxim's trademarks, copyrights, and other related information Islam copied

18  during or after his employment with Maxim.  Maxim also alleges on information and belief that

19  Defendant Islam owns and controls Defendant Power IC , its websites and related business assets,

20  for the purposes of selling analog integrated circuits in direct competition with Maxim.

21  Defendant Islam registered the domain name for Power IC (www.picsemi.com) in February 2004.

22  Pursuant to its website, Defendant Power IC maintains and operates its United States sales and

23  marketing offices at 1001 South Main Street, Milpitas, California, which is less than 20 miles

24  from Maxim's corporate headquarters in Sunnyvale, California.

25      10.     Maxim is informed and believes, and upon that basis alleges that, at all relevant

26  times to the allegations herein, Defendant HIP SEMICONDUCTOR, is a purported joint venture

27  and "spin off" from its purported parent company, Defendant HIP TECHNOLOGIES, INC., a

28  California corporation located at 3160 De La Cruz Blvd., Santa Clara, CA  95051.  HIP

- 4 -

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1    SEMICONDUCTOR and HIP TECHNOLOGIES, INC. are collectively referred to as "HIP" as

2    they are believed to be one and the same company. Maxim is informed and believes, and upon

3    that basis alleges, that Defendant Islam formed HIP after leaving Maxim's employment in or

4    about 2004 to directly compete with Maxim and copy, imitate or otherwise exploit Maxim's

5    trademarks, copyrights, and other related information Islam copied during or after his

6    employment with Maxim. Maxim also alleges on information and belief that Defendant Islam

7    owns and controls Defendant HIP, including the websites and related business assets, for the

8    purposes of selling integrated circuits in direct competition with Maxim. Defendant Islam has

9    registered and operated Defendant HIP Semiconductor's website, www.hipsemi.com, for the

10    purpose of selling analog integrated circuits. Islam operates the website for HIP

11    TECHNOLOGIES, which is www.hiptechamerica.com, with an Internet protocol location of

12    Sunnyvale, California, for the purpose of selling analog integrated circuits.

13        11.    Maxim is informed and believes, and upon that basis alleges, that Defendants, and

14    each of them, are in the business of developing, advertising and selling products that infringe

15    Maxim's copyrights and trademarks and are counterfeit and/or palming-off of Maxim's MAX

16    products and related data sheets in an attempt to, among things, usurp Maxim's goodwill in the

17    industry and unfairly profit with Defendants' deceptively similar and counterfeit products.

18        12.    Maxim is informed and believes, and upon that basis alleges, that there exists a

19    unity of interest between Defendants, and each of them, such that any separateness between them

20    has ceased to exist. Further, at all times relevant herein, each Defendant was the agent of each of

21    the other Defendants, and in doing the things herein alleged, was acting in the scope of such

22    agency and with the permission and consent of such other Defendants, and each of them.

23                  **BACKGROUND INFORMATION AND FACTS**

24      A.     **MAXIM'S PRODUCTS AND PROTECTED MATERIALS**

25        13.    Maxim is the owner and developer of numerous innovative, patented, and trade

26    secret high-tech products and product lines. One such line of products is Maxim's

27    microprocessor supervisory circuits and related ultra-low-power circuits, all identified as a

28    Maxim integrated circuit by the prefix "MAX" followed by the particular part number as set forth

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

RC1/5471931.1/KM3

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   in Paragraph 6. These MAX™ microprocessor (µP) supervisory circuits and related ultra-low

2   power circuits, among other things, reduce the complexity and number of components required to

3   monitor power supply and battery functions in µP systems. These devices significantly improve

4   system reliability and accuracy compared to separate ICs or discrete components.

5        14.    Maxim's MAX™ products are advertised, distributed, and sold together with

6   associated proprietary materials such as its copyrighted data sheets.

7        15.    These products and related materials bearing Maxim's Maxim,® "MAX" and

8   µMAX® trademarks, and its corresponding copyrighted data sheets are advertised, distributed,

9   and sold throughout the United States, as well as in countries all over the world. In addition,

10  Maxim's products, copyrighted data sheets, and trademarks are prominently featured on Maxim's

11  website located at www.Maxim-ic.com. The website provides key product and retail information

12  to consumers and businesses, as well as the ability to buy its products on line in many instances.

13       16.    On September 17, 1984, Maxim applied for federal trademark registration for the

14  word and design Maxim® in the field of semiconductor and integrated circuit units, electronic

15  data carriers, microcomputers and microprocessors. On May 28, 1985, it was granted federal

16  trademark registration number 1337707. Maxim also has federal trademark registration number

17  2092411 for the mark µMAX,® received September 27, 1997, and federal trademark registration

18  number 3032652 for the mark MAXQ,® received December 20, 2005.

19       17.    Maxim's MAX™ part numbers are also protected by common law trademark and

20  have been used continuously in conjunction with the Maxim® mark and other marks since

21  February 1985. Each trademark is for use in the semiconductor, electronics, and integrated circuit

22  fields, including microprocessors.

23       18.    True and correct copies of Maxim's federally registered marks are collectively

24  attached hereto as Exhibit "A." Maxim also applied for and received Section 8 and Section 15

25  certifications for its Maxim® and µMAX® marks that were accepted, thereby renewing these

26  registrations and making the marks incontestable.

27       19.    Each of Maxim's marks has been used continually by Maxim, and their usage has

28  significantly expanded since the registrations were granted and said marks are now exclusively

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1  associated with Maxim in the semiconductor, integrated circuit, microprocessor, and electronics

2  industry.

3       20.    Maxim has expended significant time and resources developing customer

4  recognition and goodwill in its various marks, including its common law marks, such as for its

5  MAX products.

6       21.    The custom data sheets that accompany each MAX™ product or group of MAX™

7  products are copyrighted documents which summarize the performance and other technical

8  characteristics of a component (e.g., an electrical component) in sufficient detail to be used by a

9  design engineer to integrate the component into a system.  They are used by Maxim for technical

10  communication to describe technical characteristics of its products and to help consumers and

11  businesses identify potential applications or devices in which these integrated circuits may be

12  used.  Each of these data sheets contain material, all of which is wholly original with Maxim, and

13  is copyrightable subject matter under the laws of the United States.  Maxim also has circuit

14  patents or circuit patent licenses and mask work copyrights on some of the referenced supervisory

15  circuits discussed herein.

16       22.    Maxim has complied in all respects with the Copyright Act of 1976, 17 U.S.C.

17  section 101, *et seq.*, and all other laws governing copyright, and has received Certificates of

18  Registration for the relevant Maxim "MAX" data sheets as detailed above.  True and correct

19  copies of the registrations are collectively attached hereto as Exhibit "B."

20      Those particular data sheets at issue herein and copyrighted are:

21      MAX705-MAX813L
    MAX803-MAX810Z

22      MAX811/MAX812

23      MAX6375-MAX6380
    MAX6854-MAX6869

24      MAX706AP-MAX708T

25      True and correct copies of the data sheets are collectively attached hereto as Exhibit "C."

26       23.    The following matrix details the registrations Maxim obtained through the

27  Copyright Office:

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

- 7 -

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

RC1/5471931.1/KM3

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

| Title of this work: | Year of Creation: YYYY | Date of First Publication MM/DD/YYYY | Nation of First Publication |
|---|---|---|---|
| *Low-Cost, µP Supervisory Circuits:* **MAX705-MAX813L** | 2005 | 12/01/2005 | United States |
| *3-Pin Microprocessor Reset Circuits:* **MAX803/MAX809/MAX810** | 2005 | 12/01/2005 | United States |
| *4-Pin µP Voltage Monitors with Manual Reset Input:* **MAX811/MAX812** | 2005 | 12/01/2005 | United States |
| *3-Pin, Ultra-Low-Power SC70/SOT23 Voltage Detectors:* **MAX6375–MAX6380** | 2005 | 12/01/2005 | United States |
| *Nanopower µP Supervisory Circuits with Manual Reset and Watchdog Timer:* **MAX6854-MAX6869** | 2005 | 12/01/2005 | United States |
| *+3V Voltage Monitoring, Low-Cost µP Supervisory Circuits:* **MAX706P/R/S/T, MAX706AP/AR/AS/AT,** and **MAX708R/S/T** | 2006 | 04/01/2006 | United States |

24.     Since the creation of each of its datasheets, Maxim has been, and still is, the sole proprietor of all of its rights, title, and interest in and to said copyrightable materials and has not assigned, transferred, turned over, or exclusively licensed its technology to any party.

**B.     DEFENDANTS' INFRINGING ACTS**

25.     Maxim is informed and believes, and upon that basis alleges,, that beginning at a time unknown and continuing to the present, but after Defendant Islam left Maxim's employ and formed POWER IC and HIP, Defendants, and each of them, have actively engaged in the illegal and unlawful business of advertising, distributing, and selling counterfeit and/or deceptively confusing "MAX" microprocessors, including copying Maxim's copyrighted data sheets and bearing Maxim's trademarks, or imitations thereof that have entered into the United States market as components of electronic devices or in bulk.

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

26.     Specifically, Maxim is informed and believes, and thereon alleges, that Defendant Islam, by and through Defendant Power IC, currently sells the following infringing products through the website http://www.picsemi.com/product.php:  MAX705; MAX809; MAX810; and MAX6858.  In addition, Defendants copied Maxim's datasheet virtually verbatim for its "MAX" product MAX6375-MAX6380 in creating the datasheet for Defendant Power IC's data sheet for the counterfeit MAX6375-MAX6380 products sold by Power IC.

27.     In fact, the data sheet for the MAX™ products advertised and sold by Defendant Power IC even uses the name Maxim® in addition to Maxim's "MAX" part name:

## TYPICAL APPLICATION CIRCUIT



28.     Maxim is informed and believes, and upon that basis alleges, that Defendant Islam, by and through Defendant HIP, currently advertises and sells the following infringing products though Defendant HIP Technologies' website:  http://hiptechamerica.com/Datasheets.php: MAX705; MAX708; MAX809; MAX810; MAX811; MAX812; and MAX813L.

29.     Maxim is informed and believes, and upon that basis alleges, that Defendant Islam currently advertises and sells the following infringing products though Defendant HIP Semiconductor's website, www.hipsemi.com:  MAX705; MAX705K; MAX705H; MAX705J; MAX706; MAX706R; MAX706M; MAX706N; MAX706P; MAX706T; MAX706S; MAX707; MAX707J; MAX708; MAX708T; MAX708S; MAX708R; MAX809; MAX810; MAX811; MAX812; and MAX813L.

30.     Defendants, and each of them, advertise, distribute, and sell these deceptively

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

similar or counterfeit Maxim products in interstate commerce on the Internet, among other locations, and specifically by and through the websites, www.picsemi.com, www.hiptechamerica.com and, and www.hipsemi.com, all operated, maintained, and controlled by Defendant Islam.

31.   Maxim became aware of the advertising, distribution and sales of these infringing products by Maxim employees who discovered the references to the MAX™ products, copied Maxim data sheets, and reference to Maxim as described on the Defendants' Internet pages.

32.   Defendants' wrongful conduct has caused and is continuing to cause harm to Maxim's business reputation and goodwill. Defendants' actions and violations are willful and deliberate and committed with knowledge of Maxim's copyrights and trademarks. Evidence of the willfulness can be shown by, among other things, the fact that Defendant Islam worked for Maxim, as Islam admits on his website, and in the blatant copying of Maxim's data sheets, including one where the trademark "Maxim" is copied identically, including color, font, and demission as shown in paragraph 28 above.

33.   Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Maxim. Maxim brings this action to recover damages for the harm it has sustained, to impose a constructive trust upon Defendants' illegal profits and assets purchased with those profits, and to obtain injunctive relief prohibiting Defendants' further violations and infringements. Unless restrained and enjoined, Defendants will continue to engage in the acts complained of herein, causing irreparable damage to Maxim. Maxim's remedy at law is not adequate to compensate Maxim for all the injuries resulting from Defendants' actions.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114 et. seq.

34.   Maxim realleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them as though fully forth herein.

35.   As set forth above, Maxim is the sole owner of the trademarks identified above, as well as the identified copyrights. Maxim has used its marks continuously in commerce for the products and materials described above, and said marks identify the goods and services of Maxim

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1   only, and distinguishes those products because of their long use by Maxim and its affiliation with

2   the other partner companies that are authorized to advertise, distribute and sell Maxim's products.

3       36.     Defendants' activities constitute infringement of Maxim's trademarks and/or

4   service marks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. section

5   1114(a).

6       37.     Defendants' wrongful conduct includes the advertising, distribution, and sales of

7   counterfeit or imitation Maxim products with unauthorized reproductions of registered Maxim

8   trademarks and common law trademarks.  Whether counterfeit or confusingly similar and

9   deceptive, the infringing materials that Defendants have and are continuing to create, use, offer,

10  advertise, distribute and sell are so similar to genuine products bearing Maxim's marks that they

11  are likely to cause confusion and mistake as to the source of the product and/or ownership or

12  affiliation of Maxim's MAX™ products.

13      38.     Maxim is informed and believes, and upon that basis alleges, that Defendants, and

14  each of them, have copied, advertised, marketed and distributed infringing products and materials

15  with the willful and calculated purposes of (a) misleading, deceiving, or confusing customers and

16  the public as to the origin and authenticity of the infringing products/materials and (b) trading

17  upon Maxim's business reputation and goodwill.  At a minimum, Defendants, and each of them,

18  acted with reckless disregard of Maxim's registered and common law trademarks.

19      39.     As a result of their wrongful conduct, Defendants are liable to Maxim for

20  trademark infringement.  Maxim has suffered, and will continue to suffer, losses, including, but

21  not limited to, damage to its business reputation and goodwill.  Maxim is entitled to recover

22  damages, which include its losses and all profits Defendants have made as a result of their

23  wrongful conduct, pursuant to 15 U.S.C. section 1117(b).

24      40.     Alternatively, Maxim is entitled to statutory damages pursuant to 15 U.S.C.

25  section 117(c ).  Further, due to the fact that Defendants' infringement of Maxim's trademarks

26  was willful, within the meaning of the Lanham Trademark Act, the award of damages and profits

27  should be trebled pursuant to 15 U.S.C. section 117(b).

28      41.     Maxim is also entitled to injunctive relief pursuant to 15 U.S.C. section 116(a), as

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

- 11 -

1   it has no adequate remedy at law as Defendants continue to develop, advertise, and sell their

2   products including in the same space (Internet) as Maxim.  Further, Maxim is entitled to an order

3   impounding all infringing materials pursuant to 15 U.S.C. sections 116(a) and (d)(1)(A).  Lastly,

4   Maxim is entitled to injunctive relief as its business reputation and goodwill will be irreparably

5   harmed if Defendants' wrongful activities continue and consumers and the public are likely to

6   become further confused, mistaken, or deceived as to the source, origin, or authenticity of the

7   infringing materials.

8        42.   Maxim is also entitled to recover its attorneys' fees and costs of suit pursuant to 15

9   U.S.C. section 1117.

10        WHEREFORE, Maxim prays for judgment, damages, restitution, seizure, an accounting,

11   and injunctive relief against Defendants, and each of them, as set forth below.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §§ 1125 et seq.)

14        43.   Maxim realleges each and every allegation set forth in Paragraphs 1 through 42,

15   inclusive, and incorporates them as though fully set forth herein.

16        44.   Because Maxim advertises, markets, distributes, and sells its products under the

17   trademarks described in this Complaint, these trademarks are the means by which Maxim's

18   products and materials are distinguished from the products and materials of others in the same or

19   related fields.

20        45.   Due to Maxim's long, continuous, and exclusive use of these trademarks, they

21   have come to mean, and are understood by customers and the public, to signify products and

22   services and materials of Maxim.

23        46.   Maxim has designed and used, and continues to use, its Maxim mark, distinctive

24   logos with the Maxim name, displays, advertising, packaging, and product identification numbers

25   for its products and materials just for this purpose.

26        47.   Defendants' wrongful conduct includes the use, advertising, marketing,

27   distribution, and sale of products bearing Maxim's marks, as well as Maxim's name, and/or

28   imitations of said marks and imitations of visual designs that are virtually indistinguishable from

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

Maxim's marks and visual designs, in connection with their products.

48.     Maxim is informed and believes, and upon that basis alleges, that Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the products offered, marketed, distributed, and sold in connection with Maxim's marks, name, and imitation visual materials and design and is and trading upon Maxim's business reputation and goodwill.

49.     Defendants' conduct constitutes:  (a) false designation of origin, (b) false or misleading description; and (c) false or misleading representation that the imitation "MAX" products, along with the visual design and materials consisting of the copyrighted data sheets, originate from or are authorized by Maxim, all in violation of section 43(a) of the Lanham Act, set forth at 15 U.S.C. section 1125(a).

50.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

51.     As a result of Defendants' wrongful conduct, Maxim has suffered and will continue to suffer losses, including, but not limited to, damage to its business reputation and goodwill.

52.     Maxim is entitled to injunctive relief enjoining Defendants' wrongful conduct pursuant to 15 U.S.C. section 1125(a), and to an order impounding all products or materials bearing imitation marks and visual designs being used, offered, advertised, distributed and/or sold by Defendants.

53.     Maxim has no adequate remedy at law for Defendants' wrongful conduct because, among other reasons:  (a) Maxim's marks, names, and designs are unique and valuable property, which have no readily determinable market value; (b) Defendants' advertising, marketing, distribution, and/or sales of imitated marks and designs works a great harm to Maxim's business reputation and goodwill such that Maxim could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Maxim, is continuing and likely expanding.

54.     Maxim is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. section 1117.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

- 13 -

RC1/5471931.1/KM3

WHEREFORE, Maxim prays for judgment, damages, restitution, seizure, an accounting, and injunctive relief against Defendants, and each of them, as set forth below.

## THIRD CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §501 et seq.)

55.     Maxim realleges each and every allegation set forth in Paragraphs 1 through 54, inclusive, and incorporates them as though fully set forth herein.

56.     The copyrighted data sheets described above, including the visual design of said data sheets, created by Maxim, contains material all of which is wholly original with Maxim and is copyrightable subject matter under the laws of the United States. Maxim has complied in all respects with the Copyright Act of 1976, 17 U.S.C. section 101 *et seq*., and all other laws governing copyright, and has obtained Certificates of Registration for each of the data sheets for its "MAX" products or groups of products described above, that became effective December 10, 2009. True and correct copies of said Certificates of Registration are collectively attached hereto as Exhibit "B."

57.     Since the creation, development, and updating of these data sheets, Maxim has been, and still is, the sole proprietor of all of its rights, title, and interest in and to said copyrightable materials and has not assigned, transferred, turned over, licensed or granted permission to copy its unique and copyrighted data sheets to any party, including any Defendant.

58.     Defendants, and each of them, have unlawfully used and copied Maxim's data sheets in order to advertise, distribute, and sell the counterfeit and/or imitation Maxim "MAX™" products described above and to deceive consumers, prospective consumers, and the public.

59.     Maxim is informed and believes, and upon that basis alleges, that Defendants, and each of them, obtain a direct financial benefit from the use, copying, adaptation, and distribution of the infringed Maxim data sheets.

60.     Maxim is informed and believes, and upon that basis alleges, that Defendants, and each of them, knowingly and willfully have copied and used, and continue to copy and use, Maxim's copyrighted data sheets within the meaning of the Copyright Act. At a minimum, Defendants acted with reckless disregard of Maxim's copyrights.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint for Trademark Infringement, Copyright Infringement, Etc.; Demand for Jury Trial

61. Maxim is informed and believes, and upon that basis alleges,, that Defendants, and each of them, copied and used the copyrighted materials with the specific purpose of infringing Maxim's copyrights and trademarks in order to sell counterfeit or imitation products and deceive customers, prospective customers, and the public concerning the source and quality of the products.

62. The natural, probable, and foreseeable result of the aforesaid conduct of the Defendants has been and will continue to be to deprive Maxim of business and to cause damage to Maxim's business reputation and goodwill, as well as injure Maxim's relations with its customers, prospective customers, and to impose substantial expenses on Maxim to counteract the aforesaid conduct. As a result, Maxim is entitled to recover damages, which include its own damages, as well as all profits Defendants have made as a result of Defendants' wrongful conduct, pursuant to 17 U.S.C. section 504(b).

63. Alternatively, Maxim is entitled to statutory damages pursuant to 17 U.S.C. section 504(c). In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. section 504(c)(2).

64. Maxim is informed and believes, and upon that basis alleges,, that unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, and otherwise profit from Maxim's copyrighted data sheets.

65. As a direct and proximate result of the acts of Defendants alleged above, Maxim has already suffered irreparable damage and has sustained losses, including lost profits and loss of goodwill. Maxim has no adequate remedy at law to redress all of the injuries Defendants have caused and continue to cause by their conduct. Maxim will continue to suffer irreparable damage and to sustain monetary damage until Defendants' actions alleged above are enjoined by this Court.

WHEREFORE, Maxim prays for judgment, damages, restitution, and injunctive relief against Defendants, and each of them, as set forth below.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITION
### (California Business & Professions Code
### §§ 17200 et seq.)

66.     Maxim realleges each and every allegation set forth in Paragraphs 1 through 65, inclusive, and incorporates them as though fully set forth herein.

67.     Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code sections 17200 et seq., in that Defendants' use of confusingly similar marks and/or counterfeit marks to those of Maxim in the exact same industry constitutes unfair competition as Maxim was the first to use its various marks and copyrights in conjunction with its products and services in the in the semiconductor, electronics, and microprocessor fields, among others, and has obtained and renewed several federal trademark registrations for said marks in addition to its copyrights. Two of these federal trademark registrations are now incontestable, and Maxim has continuously used each of the marks set forth above, and expanded the use of said marks. Maxim and Defendants are in direct competition as they sell the same products and operate in the same advertising space through the Internet.

68.     As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendants, and each of them, as herein alleged, Maxim has been damaged in an amount not yet ascertained, and continues to be damaged. These wrongful acts will also have proximately caused and will continue to cause Maxim substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its trademarks and copyrights. These actions will cause imminent irreparable harm and injury to Maxim.

69.     As a result of Defendants' wrongful conduct, Maxim is entitled to recover from Defendants, and each of them, the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to Maxim.

RC1/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1    WHEREFORE, Maxim prays for judgment and injunctive relief against Defendants, and

2  each of them, as set forth below.

3  ### FIFTH CLAIM FOR RELIEF
   ### DILUTION
4  ### (California Business & Professions Code
   ### §§ 14330 et seq.)

5

6    7.    Maxim realleges each and every allegation set forth in Paragraphs 1 through 69,

7  inclusive, and incorporates them as though fully set forth herein.

8    71.    Maxim has continuously done business and sold products under the trade name

9  "Maxim" and registered a incontestable mark for the name "Maxim" since at least July 18, 1984,

10  including in its advertising, packaging, and logos for its MAX™ products described above and its

11  copyrighted data sheets supporting these products. Maxim has continuously done business and

12  identified many of it's products by product numbers with "MAX" since 1985. Maxim has built

13  up valuable goodwill in the Maxim name, and the name has come to be associated exclusively

14  with Maxim's company throughout the world and it is a strong and famous mark in the computer,

15  semiconductor, and electronics industry.

16    72.    Defendants have, in connection with the advertising, distribution and sale of its

17  imitation and/or counterfeit products, used marks and labels that are confusingly similar or

18  identical to Maxim's marks, thereby diluting the distinctive quality of Maxim's marks and the

19  goodwill associated with such marks.

20    73.    Defendants, and each of them, have acted with knowledge of the fame and

21  reputation of Maxim's products sold by Maxim and for the purpose of usurping the goodwill,

22  fame, and reputation associated with Maxim and its products, as well as to willfully and

23  intentionally confuse, mislead, and deceive members of the public by such use.

24    74.    Defendants' actions have, and continue to, dilute, blur and tarnish the strong and

25  positive associations represented by Maxim's marks and lessen the capacity of Maxim's marks to

26  identify and distinguish Maxim and its products, including its MAX™ products and cause Maxim

27  marks to be associated with products that are not made, distributed, sponsored, endorsed or

28  approved by Maxim.

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

RC1/5471931.1/KM3

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

75.     Defendants' acts are willful and are in violation of California Business and Professions Code section 14330 et seq., and Maxim has been, and continues to be, damaged by these acts.

WHEREFORE, Maxim prays for judgment and injunctive relief against Defendants, and each of them, as set forth below.

**SIXTH CLAIM FOR RELIEF**
**FALSE ADVERTISING**
**(California Business & Professions Code**
**§§ 17500 et seq.)**

76.     Maxim realleges each and every allegation set forth in Paragraphs 1 through 75, inclusive, and incorporates them as though fully set forth herein.

77.     Defendants were aware of Maxim's use of and rights in its marks and that the advertising, promotion, distribution, and sale of their products would mislead and create a likelihood of confusion to consumers, potential consumers, and the public.  In fact, Defendant Islam worked at Maxim and knew how to replicate and copy Maxim's marks, product descriptions, copyrights, and related materials.

78.     Defendants' use of the their confusingly similar and/or identical marks to advertise and promote their products, and well as using such marks on their infringing products and copying copyright- protected data sheets confuses Maxim's MAX products with Defendants' products and falsely, misleadingly, and confusingly implies that Defendants' products are genuine Maxim products or are sponsored by or affiliated with or approved by Maxim.

79.     Defendants' actions are willful and constitute false advertising as it is likely to deceive, confuse, and mislead consumers, potential consumers, and members of the public in violation of California Business and Professions Code section 17500 et seq.  Maxim has been and continues to be damaged by these acts.

80.     Pursuant to California Business and Professions Code section 17535, Maxim is entitled to injunctive relief, and to an order requiring Defendants to make restitution of all profits that Defendants realized as a result of their false and misleading advertising.

WHEREFORE, Maxim prays for judgment, restitution, and an injunction against

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

RC1/5471931.1/KM3

1    Defendants, and each of them, as set forth below.

2    

**SEVENTH CLAIM FOR RELIEF**
**(Constructive Trust Upon Illegal Profits)**

3

4        81.    Maxim realleges each and every allegation in Paragraphs 1 through 80, inclusive,

5    and incorporates them as though fully set forth herein.

6        82.    Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful

7    conduct in the nature of passing off their infringing "MAX" products and accompanying data

8    sheets as those of Maxim or approved by, authorized by or sponsored by Maxim.

9        83.    By virtue of Defendants' wrongful acts and conduct, Defendants have illegally

10    received money and profits that rightfully belong to Maxim.

11        84.    Maxim is also entitled, pursuant to 15 U.S.C. section 1117(a) and 17 U.S.C.

12    section 504(b), to recover all profits of Defendants that are attributable to their acts of

13    infringement of violations thereof.

14        85.    Defendants hold the illegally made profits in the form of money and property as

15    constructive trustees for the benefit of Maxim.

16    

**EIGHTH CLAIM FOR RELIEF**
**(Accounting)**

17

18        86.    Maxim realleges each and every allegation in Paragraphs 1 through 85, inclusive,

19    and incorporates them as though fully set forth herein.

20        87.    Maxim is entitled, pursuant to 15 U.S.C. section 1117(a) and 17 US.C. section

21    504(b), to recover all profits of Defendants that are attributable to their acts of infringement or

22    violations thereof.

23        88.    The amount of money due from Defendants to Maxim is unknown to Maxim and

24    cannot be ascertained without a detailed accounting by Defendants of the precise number of

25    infringing materials advertised or offered for distribution and sold by Defendants.

26    

**PRAYER FOR RELIEF**

27    WHEREFORE, Maxim respectfully requests judgment as follows:

28        1.    That the Court enter a judgment against Defendants, and each of them, finding that

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

Defendants have:

  a. Willfully infringed Maxim's rights in federally registered and common law trademarks;

  b. Willfully infringed Maxim's rights in its federally registered copyrights;

  c. Committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Maxim;

  d. Committed and are committing unfair business competition by and through deceptive advertising and false designations of origin;

  e. Have otherwise injured the business reputation, goodwill and business of Maxim by the acts and conduct set forth in this Complaint.

 2. That this Court issue preliminary and permanent injunctive relief against Defendants, and each of them, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns and all other in active concert or participation with Defendants, be enjoined and restrained from:

  a. Imitating, copying, or making any other infringing use or infringing distribution of the products or materials protected by Maxim's copyrights and trademarks;

  b. Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any products or data sheets, items or other things bearing any simulation, reproduction, counterfeit, copy or colorable imitation of product, item or things protected by Maxim's copyrights or trademarks;

  c. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Maxim's registered copyrights or registered or common law trademarks, in connection with the manufacture, assembly, production, distribution, offering for distribution, sale, offering for sale, import, advertising, promotion or display of any product, item or thing, including data sheets exclusively owned by Maxim and not authorized to be used by Maxim;

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5471931.1/KM3

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

d.     Using any false designation of origin or false or misleading description or false or misleading representation or name, that can or is likely to lead the industry or public erroneously to believe that any product, item or thing has been manufactured, assembled, produced, distributed, offered for distribution, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Maxim, when such is not true in fact;

e.     Using the names, logos, or other variations thereof, of any of Maxim's copyright and/or trademark protected products and materials in any of the defendants' trade or corporate names or products;

f.     Engaging in any other activity constituting an infringement of any of Maxim's trademarks, and/or copyrights or of Maxim's rights in or right to use to exploit, these trademarks and/or copyrights and;

g.     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through f above.

3.     That the Court enter an order seizing and/or impounding all counterfeit or infringing Maxim's products or materials bearing any of Maxim's trademarks or confusingly similar variations thereof, and any related items, including business records, that are in Defendants' possession or under Defendants' control, and ordering the remedial destruction of all impounded items.

4.     That the Court enter an Order declaring that the Defendants hold in trust, as constructive trustee for the benefit of Maxim, all profits received by Defendants from their distribution or sale of counterfeit or imitation or infringing products and materials, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits and assets acquired in whole or in part with those profits.

5.     That the Court enter an order requiring Defendants to provide Maxim a full and complete accounting of all profits received by Defendants from their distribution or sale of

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint for Trademark Infringement, Copyright
Infringement, Etc.; Demand for Jury Trial

1   counterfeit, imitation and infringing products and/or materials, and of any other amounts due and

2   owing to Maxim as a result of Defendants' illegal activities.

3       6.      That the Court order Defendants to pay Maxim's general, special, actual and

4   statutory damages, including Defendants' profits, for Defendants' willful infringement of

5   Maxim's copyrights and trademarks.

6       7.      That the Court order Defendants to pay Maxim the costs of this action and the

7   reasonable attorneys' fees incurred by Maxim in prosecuting this action.

8       8.      That the Court grant to Maxim such other and additional relief as is just and

9   proper.
    Dated: January 12, 2010                    ROPERS, MAJESKI, KOHN & BENTLEY

10

11                                              By:_____

12                                                  MICHAEL J. IOANNOU
                                                    LITA M. VERRIER
13                                                  Attorneys for Plaintiff Maxim Integrated
                                                    Products, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5471931.1/KM3

- 22 -

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,092,411

## United States Patent and Trademark Office

Registered Sep. 2, 1997

### TRADEMARK
### PRINCIPAL REGISTER

# μMAX

MAXIM INTEGRATED PRODUCTS, INC. (DELAWARE CORPORATION)
120 SAN GABRIEL DRIVE
SUNNYVALE, CA 94086

FOR: INTEGRATED CIRCUIT DEVICE HOUSINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6–17–1994; IN COMMERCE 6–17–1994.

SER. NO. 74–578,937, FILED 9–27–1994.

ALAN ATCHISON, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cl.: 21

Reg. No. 1,337,707

## United States Patent and Trademark Office    Registered May 28, 1985

### TRADEMARK
PRINCIPAL REGISTER

## MAXIM

MAXIM INTEGRATED PRODUCTS (CALIFOR-
NIA CORPORATION)
510 N. PASTORIA AVE.
SUNNYVALE, CA 94086

FOR: SEMICONDUCTOR CHIPS AND INTE-
GRATED CIRCUITS, IN CLASS 9 (U.S. CL. 21).

FIRST USE 7-18-1984; IN COMMERCE
7-18-1984.

SER. NO. 499,657, FILED 9-17-1984.

LAURA ELLEN DAVIS, EXAMINING ATTOR-
NEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,032,652

Registered Dec. 20, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# MAXQ

MAXIM INTEGRATED PRODUCTS, INC. (DELA-
WARE CORPORATION)
120 SAN GABRIEL DRIVE
SUNNYVALE, CA 94086

FOR: SEMICONDUCTOR AND INTEGRATED
CIRCUIT UNITS; ELECTRONIC DATA CARRIERS;
MICROCOMPUTER AND MICROPROCESSORS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-30-2004; IN COMMERCE 3-30-2004.

SN 76-514,295, FILED 5-15-2003.

DARRYL SPRUILL, EXAMINING ATTORNEY

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-024-509**

**Effective date of
registration:**

December 10, 2009

---

## Title

**Title of Work:** +3V Voltage Monitoring, Low-Cost Microprocessor Supervisory Circuits: MAX706P/R/S/T, MAX706AP/AR/AS/AT, and MAX708R/S/T

## Completion/Publication

**Year of Completion:** 2006

**Date of 1st Publication:** April 1, 2006        **Nation of 1st Publication:** United States

## Author

- **Author:** Maxim Integrated Products, Inc.

  **Author Created:** new and revised text

  **Work made for hire:** Yes

  **Citizen of:** United States        **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Maxim Integrated Products, Inc.

120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim

**Material excluded from this claim:** some previously published text

**New material included in claim:** new and revised text

## Certification

**Name:** Julian L. Zegelman, Esq.

**Date:** December 10, 2009

**Applicant's Tracking Number:** 3119540453

**Correspondence:** Yes

**Registration #:** TX0007024509

**Service Request #:** 1-294274030

**Application Date:** 12-16-2009 14:12:44

## Correspondent

| | |
|---|---|
| **Organization Name:** | Ropers Majeski Kohn & Bentley PC |
| **Name:** | Michael J Ioannou |
| **Address:** | 50 West San Fernando Street |
| | Suite 1400 |
| | San Jose, CA 95113 United States |

## Mail Certificate

Ropers Majeski Kohn & Bentley PC
Michael J Ioannou
50 West San Fernando Street
Suite 1400
San Jose, CA 95113  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-024-514

**Effective date of
registration:**

December 10, 2009

## Title

Title of Work: 4-Pin Microprocessor Voltage Monitors with Manual Reset Input: MAX811/MAX812

## Completion/Publication

Year of Completion: 2005

Date of 1st Publication: December 1, 2005     Nation of 1st Publication: United States

## Author

- Author: Maxim Integrated Products, Inc.

Author Created: new and revised text

Work made for hire: Yes

Citizen of: United States                     Domiciled in: United States

## Copyright claimant

Copyright Claimant: Maxim Integrated Products, Inc.

120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim

Material excluded from this claim: some previously published text

New material included in claim: new and revised text

## Certification

Name: Julian L. Zegelman, Esq.

Date: December 10, 2009

Applicant's Tracking Number: 3119540451

Correspondence: Yes

Page 1 of 1

**Registration #:** TX0007024514

**Service Request #:** 1-293793173

**Application Date:** 12-16-2009 14:09:47

# Correspondent

| | |
|---|---|
| **Organization Name:** | Ropers Majeski Kohn & Bentley PC |
| **Name:** | Michael J Ioannou |
| **Address:** | 50 West San Fernando Street |
| | Suite 1400 |
| | San Jose, CA 95113 United States |

# Mail Certificate

Ropers Majeski Kohn & Bentley PC
Michael J Ioannou
50 West San Fernando Street
Suite 1400
San Jose, CA 95113  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-024-525**

**Effective date of
registration:**

December 10, 2009

---

## Title

**Title of Work:** Nanopower Microprocessor Supervisory Circuits with Manual Reset and Watchdog
Timer: MAX6854–MAX6869

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** December 1, 2005     **Nation of 1st Publication:** United States

## Author

**Author:** Maxim Integrated Products, Inc.

**Author Created:** new and revised text

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Maxim Integrated Products, Inc.

120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim

**Material excluded from this claim:** some previously published text

**New material included in claim:** new and revised text

## Certification

**Name:** Julian L. Zegelman, Esq.

**Date:** December 10, 2009

**Applicant's Tracking Number:** -311954045J

---

**Correspondence:** Yes

Registration #:  TX0007024525

Service Request #:  1-294153951

Application Date:  12-16-2009 14:11:39

## Correspondent

Organization Name:  Ropers Majeski Kohn & Bentley PC
Name:  Michael J Ioannou
Address:  50 West San Fernando Street
Suite 1400
San Jose, CA 95113 United States

## Mail Certificate

Ropers Majeski Kohn & Bentley PC
Michael J Ioannou
50 West San Fernando Street
Suite 1400
San Jose, CA 95113  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-023-015

**Effective date of
registration:**
December 10, 2009

---

## Title
Title of Work: 3-Pin Microprocessor Reset Circuits MAX803 MAX 809 MAX 810

## Completion/Publication
Year of Completion: 2005

Date of 1st Publication: December 1, 2005      Nation of 1st Publication: United States

## Author
- **Author:** Maxim Integrated Products, Inc.

  Author Created: text

  Work made for hire: Yes

  Citizen of: United States                Domiciled in: United States

## Copyright claimant
Copyright Claimant: Maxim Integrated Products, Inc.

120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim
Material excluded from this claim: some previously published text

New material included in claim: additional and revised text

## Certification
Name: Julian L. Zegelman, Esq.

Date: December 10, 2009

Applicant's Tracking Number: 311954045J

---

Correspondence: Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-023-018**

**Effective date of
registration:**

December 9, 2009

## Title

**Title of Work:** Low-Cost, µP Supervisory Circuits: MAX705-MAX813L

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** December 1, 2005          **Nation of 1st Publication:** United States

## Author

- **Author:** Maxim Integrated Products, Inc.

    **Author Created:** text

    **Work made for hire:** Yes

    **Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Maxim Integrated Products, Inc.

120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim

**Material excluded from this claim:** some previously published text

**New material included in claim:** additional and revised text

## Certification

**Name:** Julian L. Zegelman, Esq.

**Date:** December 9, 2009

**Applicant's Tracking Number:** 311954045J

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-023-328**

**Effective date of
registration:**

December 10, 2009

---

## Title

**Title of Work:** 3-Pin, Ultra-Low-Power SC70/SOT23 Voltage Detectors:
MAX6375-MAX6380

## Completion/ Publication

**Year of Completion:** 2005

**Date of 1st Publication:** December 1, 2005    **Nation of 1st Publication:** United States

## Author

■ **Author:** Maxim Integrated Products, Inc.

**Author Created:** new and revised text

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Maxim Integrated Products, Inc.
120 San Gabriel Drive, Sunnyvale, CA, 94086, United States

## Limitation of copyright claim

**Material excluded from this claim:** some previously published text

**New material included in claim:** new and revised text

## Certification

**Name:** Julian L. Zegelman, Esq.

**Date:** December 10, 2009

**Applicant's Tracking Number:** 311954045J

---

**Correspondence:** Yes

**Registration #:**   TX0007023328

**Service Request #:**   1-293709451

Ropers Majeski Kohn & Bentley PC
Michael J Ioannou
50 West San Fernando Street
Suite 1400
San Jose, CA 95113  United States